UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| DONALD RAY VIOLETT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:19-CV-P524-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DANIEL KING et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Donald Ray Violett filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis* [R. 1; R. 5]. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow Plaintiff's retaliation claims to proceed and dismiss his other claims.

I.  **Background**

Plaintiff, an inmate at the Kentucky State Reformatory (KSR), sues the following Defendants: Daniel King, whom he identifies as the "[Prison Rape Elimination Act] PREA Coordinator Manager" at KSR; Deanna Mann, a corrections officer at KSR; Jeffrey Hope, a captain at KSR; and Anna Valentine, the KSR Warden. [R. 1] Plaintiff does not identify in what capacities he sues Defendants.

Under a heading setting forth the basis for federal question jurisdiction, Plaintiff refers to PREA; a violation of his "First Amendment Freedom of Religious Beliefs"; intimidation, retaliation, and harassment; a violation of the Eighth Amendment; and a violation of his

Fourteenth Amendment right to due process based on "refusing Plaintiff right to face his accuser or question his accuser in a legal procedure[.]" [*Id.*]

Plaintiff states that in July 2018, while he was housed in the Nursing Care Facility at KSR, his bed was next to "a door with a glass." [*Id.*] He states, "Each morning when Plaintiff rose, and as he dressed, female inmate would look through the glass viewing Plaintiff, which violated his rights to religious beliefs that no female should view a male nude unless they are married." [*Id.*] Plaintiff states that he filed a PREA grievance. [*Id.*] He states that Defendant King "came to [the Nursing Care Facility] and found Plaintiff had a problem and agreed to either cover the lower portion of the glass or bring a partition to block the viewing of the females looking in the glass." [*Id.*] He continues, "King then covered up Plaintiff's PREA grievance and started harassing Plaintiff by telling staff that he thought Plaintiff was 'gay.' Plaintiff suffered emotional distress, mental anguish and los[s] of a prison job because of the harassment of Defendant King." [*Id.*]

Plaintiff further maintains that on March 7, 2019, while he was housed in KSR's Disabled Living Unit, he "was changing clothes at his bed when . . . Defendant Mann viewed Plaintiff." [*Id.*] He reports that he asked to see Defendant King in order to file a PREA grievance but that Defendant Mann, a female corrections officer, refused his request and "got Defendant Hope to tell Plaintiff he could not see Defendant King to file a grievance." [*Id.*]

Plaintiff states that on that same date he filed a PREA grievance which was delivered to Defendant King and a deputy warden. [*Id.*] He asserts, "Defendant King done another cover up of Plaintiff's PREA grievance and, on March 13, 2019 Defendant King had Defendant Hope issue Disciplinary Report No. KSR-2019-00557 in retaliation for Plaintiff filing Grievance No.

19-0177, charging Plaintiff with being nude in his bed area." [*Id.*] He states that Defendant Mann was listed as the complainant in the disciplinary report. [*Id.*]

Plaintiff asserts that on May 10, 2019, he received a letter from the Kentucky Department of Corrections (KDOC) ombudsman stating that his "Grievance No. 19-0177 would be reinstated after it was determined Defendant King had done a cover up of Plaintiff's PREA grievance." [*Id.*] He states that Defendants Valentine and King have refused to process his PREA grievance. [*Id.*] He further asserts that Defendant King "issued Disciplinary Report No. KRS-2019-00626, through retaliation, charging Plaintiff with obtaining services under false pretenses." [*Id.*] He reports that he was found guilty of both disciplinary reports "after Defendant Valentine refused to permit Plaintiff to question Defendant King about the Disciplinary Reports or permit Plaintiff [the] right to receive answers from Defendant King, in written questions Plaintiff submitted under [the] Rules of Discovery." [*Id.*]

Plaintiff further states that Defendants King and Valentine have further retaliated against him "after Plaintiff complained to John Tilly, Justice Secretary for the [KDOC] that [the Disabled Living Unit] bathroom did not meet PREA, ADA, and ACA standards and requirements for handicap inmates." [*Id.*] He asserts that Defendants King and Valentine "had Plaintiff found guilty of the Disciplinary Reports." [*Id.*] He reports that on May 15, 2019, the Disabled Living Unit bathroom "received remodeling to meet PREA, ADA, and ACA standards and requirements." [*Id.*] He states that he lost his prison job "because Plaintiff complained about the PREA, ADA, and ACA violations in the [Disabled Living Unit] bathroom." [*Id.*]

Finally, Plaintiff asserts that Defendant King requires him "to use the [Disabled Living Unit] bathroom to dress or undress but, other [Disabled Living Unit] inmates can dress or undress in their bed area because Defendant King dislikes Plaintiff's strong religious beliefs."

[*Id.*] He continues, "Defendant King puts out rumors that Plaintiff is 'gay' to harass the Plaintiff, causing the Plaintiff to have serious emotional problems, mental anguish because of Plaintiff's strong religious beliefs are violated." [*Id.*]

As relief, Plaintiff requests that "the proper Federal agency(s) investigate Defendants' PREA violations at KSR" and seeks compensatory and punitive damages. [*Id.*]

## II. Standard

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that

4

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

#### A. Official Capacity Claims

Plaintiff does not identify in what capacity or capacities he sues Defendants.  Assuming that Plaintiff is suing them in their official capacities, "official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Defendants are employees of KSR and are therefore state employees.  Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Graham*, 473 U.S. at 166.  State officials sued in their official capacities for monetary damages are not "persons" subject to suit under §

1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities.  *Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official capacity claims against Defendants for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant who is immune from such relief.

Plaintiff also demands injunctive relief in the form of requesting that "the proper Federal agency(s) investigate Defendants' PREA violations at KSR."  However, private citizens have no constitutional or federal statutory right to compel the investigation of another person. *See Diamond v. Charles*, 476 U.S. 54, 75 (1986); *Jacoby v. PREA Coordinator*, No. 5:17-CV-053-MHH-TMP, 2017 U.S. Dist. LEXIS 107831, at *10 (N.D. Ala. Apr. 4, 2017) ("Whether an inadequate investigation, or the failure to investigate at all, no § 1983 liability is created."), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 106774 (N.D. Ala. July 11, 2017).  Therefore, a party cannot seek to compel an investigation of another party under § 1983.

Accordingly, Plaintiff's official capacity claims for injunctive relief must be dismissed for failure to state a claim upon which relief may be granted.

      **B.**     **Individual Capacity Claims**

Once again, Plaintiff does not identify the capacity or capacities in which he sues Defendants.  When the complaint is ambiguous regarding capacity, the Court must look to the "course of proceedings", *i.e.*, "the nature of the plaintiff's claims [and] requests for compensatory or punitive damages . . . to determine whether the defendant had actual knowledge of the potential for individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 772 n.1 (6th

Cir. 2001). Looking at the nature of Plaintiff's claims and his request for punitive damages, the Court concludes that Plaintiff has put Defendants on sufficient notice that they are exposed to individual liability. Thus, the Court will analyze Plaintiff's individual capacity claims.

1. **Religious Exercise**

The First Amendment to the United States Constitution states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. The First Amendment protects an inmate's right to freely exercise his or her religion. To state a § 1983 First Amendment free exercise claim, a plaintiff must show that the prison's actions "substantially burdened his sincerely-held religious beliefs." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (citing *Boles v. Neet*, 486 F.3d. 1177, 1182 (10th Cir. 2002)). However, an isolated interference with the free exercise of religion does not give rise to a constitutional violation. *Greenberg v. Hill*, No. 2:07-CV-1076, 2009 U.S. Dist. LEXIS 28027, at *6 (S.D. Ohio Mar. 31, 2009) ("[I]solated or sporadic government action or omission is de minimis and does not constitute a 'substantial burden.'"); *Cancel v. Mazzuca*, 205 F. Supp. 2d 128, 142 (S.D.N.Y. 2002) (finding that an "isolated denial, such as having to miss a single religious service, does not constitute a substantial burden on a prisoner's right to practice his religion").

In regard to his religious beliefs, Plaintiff states in the complaint under the section regarding federal question jurisdiction, "Did Defendants Violate Plaintiff's 1st Amendment Freedom Of Religious Beliefs Rights By Subjecting Plaintiff To Unwanted Acts of Voyeurism by Females?" He states elsewhere in the complaint, "Each morning when Plaintiff rose, and as he dressed, female inmate would look through the glass viewing Plaintiff, which violated his rights to religious beliefs that no female should view a male nude unless they are married." He

7

also states that Defendant King requires Plaintiff to dress in the Disabled Living Unit bathroom because he does not like Plaintiff's "strong religious beliefs."

Upon review, the Court finds that Plaintiff's allegations of a violation of his right to religious exercise are too broad and conclusory and too lacking in factual specificity to state a claim. *See Iqbal*, 556 U.S. at 678. Plaintiff does not even identify what his religion is. Moreover, the allegations describe isolated occurrences and do not state a substantial burden on his religious beliefs to give rise to a constitutional violation.

Accordingly, Plaintiff's claim based on a violation of his right to religious exercise will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Violation of Right to Bodily Privacy

Plaintiff's allegations of being viewed by females while he was naked could be construed as claims for a violation of his right to bodily privacy. The Sixth Circuit has recognized that under the Fourth Amendment, "a convicted prisoner maintains some reasonable expectations of privacy while in prison, particularly where those claims are related to forced exposure to strangers of the opposite sex, even though those privacy rights may be less than those enjoyed by non-prisoners." *Cornwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992). This limited right to privacy, among other things, "protects [prisoners] from being forced unnecessarily to expose their bodies to guards of the opposite sex." *Kent v. Johnson*, 821 F.2d 1220, 1227 (6th Cir. 1987). Thus, "a prison policy forcing prisoners to . . . be exposed to regular surveillance by officers of the opposite sex while naked—for example while in the shower or using a toilet in a cell—would provide the basis of a claim on which relief could be granted." *Mills v. City of Barbourville*, 389 F.3d 568, 579 (6th Cir. 2004). "In contrast, accidental viewing of a prisoner's

naked body by a prison guard of the opposite sex is not a constitutional violation." *Jones v. Lawry*, No. 2:19-CV-49, 2019 U.S. Dist. LEXIS 99914, at *7 (W.D. Mich. June 14, 2019).

Once again, Plaintiff alleges that in July 2018, while housed in the Nursing Care Facility at KSR, his bed was next to "a door with a glass" and that each morning female inmates would look through the glass viewing Plaintiff while he dressed. Plaintiff also asserts that on March 7, 2019, while he was housed in KSR's Disabled Living Unit, he "was changing clothes at his bed when . . . Defendant Mann viewed Plaintiff."

Plaintiff does not state how many times a female inmate viewed him while he was housed in the Nursing Care Facility. But it is apparent that the occurrences did not arise from a prison policy intended to force his exposure to females but occurred because Plaintiff happened to be in a bed next to a glass door. When he raised the problem with Defendant King, King said that he would cover the glass to remedy the problem, and Plaintiff gives no indication that this did not occur. Moreover, his allegation concerning Defendant Mann was that she viewed him while he was changing on one occasion, and it appears to be inadvertent. Upon review, the Court finds these occurrences accidental and not based on any policy which forced Plaintiff to be viewed by females.

Accordingly, any claim based on a violation of his bodily privacy will be dismissed for failure to state a claim.

### 3. Violation of PREA

Moreover, to the extent Plaintiff alleges a separate claim for a violation of PREA, courts have routinely held that PREA does not create rights enforceable by a private party in a civil action. *Krieg v. Steele*, 599 F. App'x 231, 232–33 (5th Cir. 2015) (collecting cases); *see also Montgomery v. Harper*, No. 5:14-CV-P38-R, 2014 U.S. Dist. LEXIS 114727, at *5 (W.D.

9

Ky. Aug. 19, 2014) ("Although not addressed by the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff.") (collecting cases).

Therefore, Plaintiff's claim alleging a violation of PREA must be dismissed for failure to state a claim upon which relief may be granted

### 4. Grievance Handling

Plaintiff also complains about the handling of his PREA grievances. Prisoners do not possess a constitutional right to a prison grievance procedure. *See Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002) ("A grievance appeal does not implicate the First Amendment right of access to the courts because there is no inherent constitutional right to an effective prison grievance procedure."); *LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding that plaintiff's allegation that the institution's grievance procedures were inadequate to redress his grievances did not violate the Due Process Clause and did not "give rise to a liberty interest protected by the Due Process Clause"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (holding that "no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration"). Further, if the prison provides a grievance process, violations of its procedures or its ineffectiveness do not rise to the level of a federal constitutional right. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance

procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (stating that "there is no inherent constitutional right to an effective prison grievance procedure") (citing cases).

Therefore, Plaintiff's claim concerning the handling of his grievances will be dismissed for failure to state a claim upon which relief may be granted.

### 5. Verbal Harassment

Plaintiff also states that Defendant King "puts out rumors that Plaintiff is 'gay' to harass the Plaintiff[.]" The Eighth Amendment proscribes punishments which involve the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). However, harassing or degrading language by a prison official does not amount to a constitutional violation. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987); *see also Searcy v. Gardner*, No. 3:07-0361, 2008 U.S. Dist. LEXIS 118217, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials.").

Accordingly, Plaintiff's allegations based on verbal harassment by Defendant King will be dismissed for failure to state a claim upon which relief may be granted.

### 6. Due Process

Plaintiff also alleges a violation of his right to due process under the Fourteenth Amendment stating that Defendants "refus[ed] Plaintiff right to face his accuser or question his accuser in a legal procedure[.]" The claim appears to be based on Plaintiff's allegation, in relation to Disciplinary Report No. KRS-2019-00626, that "Defendant Valentine refused to permit Plaintiff to question Defendant King about the Disciplinary Reports or permit Plaintiff

right to receive answers from Defendant King, in written questions Plaintiff submitted under Rules of Discovery." Plaintiff states that he was found guilty of the disciplinary report.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486–87 (footnote omitted). The requirement that the prior criminal action ended favorably for the accused "precludes the possibility of [Plaintiff] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id*. at 484 (internal quotation marks omitted). The favorable termination requirement of *Heck* also applies to prisoner allegations of due process violations in prison disciplinary hearings. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Plaintiff states that he was found guilty after the disciplinary hearing about which he complains. Thus, if this Court were to find a violation of due process, such a finding would necessarily render his disciplinary proceedings invalid. There is no indication in the complaint that Plaintiff's disciplinary convictions have been reversed or otherwise invalidated. Accordingly, his § 1983 claim challenging the disciplinary hearing is not cognizable.

Therefore, Plaintiff's claim for a violation of due process must be dismissed for failure to state a claim upon which relief may be granted.

### 7. Retaliation

Plaintiff alleges the following retaliatory acts taken against him: that Defendants King and Hope issued Disciplinary Report No. KSR-2019-00557 in retaliation for filing a grievance; that Defendant King "issued Disciplinary Report No. KRS-2019-00626, through retaliation, charging Plaintiff with obtaining services under false pretenses"; and that Defendants King and Valentine had him found guilty of disciplinary reports and caused him to lose his prison job in retaliation for him "complain[ing] to John Tilly, Justice Secretary for the [KDOC] that [Disabled Living Unit] bathroom did not meet PREA, ADA, and ACA standards and requirements for handicap inmates."

Upon review, the Court will allow Plaintiff's retaliation claims to continue against Defendants King, Hope, and Valentine in their individual capacities. In allowing the claims to proceed, the Court passes no judgment on their outcome or ultimate merit.

## IV. Conclusion

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Plaintiff's official capacity claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking relief from a defendant who is immune from such relief.

2. Plaintiff's individual capacity claims based on allegations of a violation of his right to religious exercise, a violation of his right to bodily privacy, a violation of PREA, the handling of his grievances, verbal harassment, and a violation of due process are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

3. The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

This the 9th day of December, 2019.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
A958.010